**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**LEAH ZORNES**                                                          **PLAINTIFF**

**vs.**                                     **NO. 4:19-cv-474-LPR**

**THOMPSON TRANSPORTATION, INC.,
JIMMY THOMPSON, and EXPEDITE
LOGISTIC SERVICES, LLC**                                  **DEFENDANTS**

**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Defendants, Thompson Transportation, Inc. ("Thompson Transportation"), Jimmy Thompson ("Jimmy Thompson"), and Expedite Logistic Services, LLC ("Expedite" and collectively, "Defendants") represented by Jewell & Dobson, P.A., respectfully submit, through their counsel, Jewell & Dobson, P.A., this Brief in Support of Defendants' Motion for Summary Judgment.

## I.     BACKGROUND

On July 8, 2019, Plaintiff Leah Zornes ("Zornes") filed the Original Complaint in this lawsuit. [ECF No. 1]. The lawsuit was assigned to Judge Moody. Zornes' Original Complaint alleged she was a non-exempt employee working as a freight broker for Thompson Transportation, and she regularly worked more than 40hours in a work week. Zornes further alleged that Thompson Transportation failed to compensate her at one and one-half times her regular rate of pay for all hours worked in excess of 40 hours per work week, in violation of the Fair Labor Standards Act ("FLSA").[1]

---

[1] Zornes' Original Complaint and First Amended and Substituted Complaint assert she is entitled to the rights, protections, and benefits provided under the FLSA and the Arkansas Minimum Wage Act (Original Complaint ¶8; First Amended and Substituted Complaint ¶9). However, the Original Complaint and the First Amended and Substituted Complaint do not otherwise allege violations of the Arkansas Minimum Wage Act.

On July 30, 2019, Thompson Transportation filed an Answer to the Original Complaint. [ECF No. 4].

On August 12, 2019, Judge Moody entered a Proposed Final Scheduling Order. [ECF No. 6-1].

On November 15, 2019, a Notice of Reassignment was entered transferring this case to the docket of this Court. [ECF No. 8].

On December 18, 2019, the Court entered a Final Scheduling Order. [ECF No. 9]. The Final Scheduling Order set a discovery deadline of March 13, 2020. Additionally, the Final Scheduling Order set a deadline for filing all motions, including motions for summary judgment, of April 13, 2020.

On February 13, 2020, Zornes filed a First Amended and Substituted Complaint (the "Complaint"). The Complaint added Separate Defendants Jimmy Thompson ("Jimmy Thompson") and Expedite Logistic Services, LLC ("Expedite").

On March 10, 2020, Defendants took the deposition of Zornes.[2]

## II.   STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

The undisputed facts of this case are described in the Statement of Undisputed Facts In Support of Motion for Summary Judgment filed contemporaneously with this Brief pursuant to Local Rule 56.1. Defendants' Statement of Undisputed Facts In Support of Motion for Summary Judgment and Exhibits 1-6, attached to the Motion for Summary Judgment are incorporated by reference under Fed. R. Civ. P. 10(c).[3]

---

[2] In an attempt to reduce the length of Zornes's deposition, Defendants restricted many of their questions during the deposition to the three (3) year period prior to the filing of the Complaint, i.e., from July 8, 2016 to the end of Zornes' work or services for the Defendants, on May 16, 2019. Three (3) years is the maximum statute of limitations under the FLSA and AMWA.

[3] See Statement of Undisputed Facts In Support of Motion for Summary Judgment. The Affidavit of Jimmy Thompson will be referred to in this Brief as "Affidavit of Jimmy Thompson, ¶ __."

### III.   <u>ARGUMENT</u>

**A. Summary Judgment Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering summary judgment motions, "[t]he burden of demonstrating there are no genuine issues of material fact rests on the moving party, and we review the evidence and the inferences which reasonably may be drawn from the evidence in the light most favorable to the nonmoving party. *Davis v. Jefferson Hosp. Ass'n,* 685 F.3d 675, 680 (8th Cir. 2012). The non-moving party must substantiate his allegations by "sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

If Plaintiff identifies a factual dispute, "a disputed fact alone will not defeat summary judgment." *Torgerson,* 643 F.3d 1031, 1042 (8th Cir. 2011). Rather, "there must be a genuine issue of material fact." *Id.* (citing *Liberty Lobby,* 477 U.S. at 247–48). "To be material, a fact 'must affect the outcome of the suit under the governing law.'" *Id.* The "essential inquiry" at the summary stage, when viewing the record as a whole, is whether the evidence is "so one-sided that is does not present a significant disagreement to require submission to the jury." *Torgerson*, 643 F.3d at 1052. Speculation and conjecture are insufficient to defeat summary judgment. *Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 794 (8th Cir. 2012).

**B. Summary Judgment should be granted on Zornes' FLSA and AMWA claims because Zornes possesses nothing more than her speculation that she ever worked more than 40 hours per week.**

For non-exempt employees, the FLSA prohibits the employment of any person "for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To establish liability under the FLSA and the AMWA for minimum wage violations, a plaintiff must prove he was not compensated in accordance with the minimum wage statutes. 29 U.S.C. § 206; Ark. Code Ann. § 11-4-210.

For employees subject to the overtime limits of the FLSA, employers are required to keep records of wages and hours. 29 U.S.C. § 211(c). In the situation where employers fail to keep accurate time records, the employee is relieved of proving the precise extent of uncompensated work, and *Anderson v. Mo. Clemens Pottery Co.,* 328 U.S. 680 (1946), sets out a relaxed evidentiary standard that is to be applied. "Under this relaxed evidentiary standard, once the employee has shown work performed for which the employee was not compensated, and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference,' the burden then shifts to the employer to produce evidence to dispute the reasonableness of the inference." *Carmody v. Kan. City Bd. of Police Comm'rs*, 713 F.3d 401, 406 (2013) (citing *Anderson* at 687-88). *see also Holaway v. Stratasys*, 771 F.3d 1057, 1059 (8th Cir. 2014); *Bailey v. New Age Distrib.*, 2019 U.S. Dist. LEXIS 202032 (E.D. Ark. 2019). Plaintiffs who sue for unpaid overtime have the burden of proving that they performed work for which they were not properly compensated. *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059 (8th Cir. 2014). General allegations couched in base assertions and vague testimony that fails to

reference specific days and hours worked fail to meet "even the relaxed evidentiary standards." *Id.* at 1059-1060.

Zornes' alleges she was employed as a freight broker by Defendants for the three years prior to the filing of the Complaint.[4] Complaint, ¶8. Zornes Depo. at 135:13-16; 136:20-23; 191:17—192:1. Thompson Transportation paid Zornes a weekly salary of $1,050.00 in 2016, 2017, 2018, and 2019.

Expedite did not pay Zornes a salary. Expedite paid Zornes a commission based on profit from loads of goods Zornes brokered onto trucks of over the road motor carriers. Zornes Depo. at 131:1-18; 134:16-23.

For several reasons, none of the Defendants tracked the hours Zornes worked. One, between the $1,050.00 weekly salary that Thompson Transportation paid Zornes and the commissions that Expedite paid to Zornes, she earned over $100,000.00 per year in 2017 and 2018.   Affidavit of Jimmy Thompson, ¶16. *See also* W-2s Thompson Transportation issued to Zornes for the years 2016, 2017, and 2018 and 1099s Expedite issued to Zornes for the years 2016, 2017, and 2018, **Exhibits 3 and 4**, respectively, attached to the Motion for Summary Judgment.

Two, none of the Defendants believed, at least from July 8, 2016, through May 16, 2019, that Zornes was working 40 hours per week, much less more than 40 hours per week.  Affidavit of Jimmy Thompson, ¶ 16.

> 1. **The Defendants' regular office hours and Zornes' testimony do not support Zornes' claim that she worked more than 40 hours per week, and Defendants are entitled to summary judgment.**

---

[4] Thompson Transportation asserted in its Answer an affirmative defense that Zornes was an independent contractor for Expedite, not an employee.  See ¶ 49 of Thompson's Answer. The Defendants are not waiving that affirmative defense. For purposes of the Motion for Summary Judgment, Defendants assume only that Zornes worked or performed services for both Thompson Transportation and Expedite.

The regular office hours for Thompson Transportation and Expedite were between 7:00 a.m. and 4:00 p.m. Zornes Depo. at 98:6-22. Zornes did not have a key to the Defendants' office. Zornes Depo. at 99:9-10.  Obviously, Zornes could not work in the office before regular office hours.

But, Zornes did not arrive to work at 7:00 a.m.  Zornes claims she arrived at Defendants' office between 7:30 a.m. and 8:00 a.m., and sometimes later. Zornes Depo. at 100:1-2. From July 8, 2016, through the end of her employment on May 16, 2019, Zornes is unable to produce any records evidencing the weeks when she reported to the Defendants' office by 8:00 a.m. Zornes Depo. 146:22—147:8. Further, from July 8, 2016 to May 16, 2019, Zornes is unable to identify any witness that can corroborate her claim that she reported to the Defendants' office by 8:00 a.m. to perform work or provide services for the Defendants. Zornes Depo. at 147:19—148:14. Additionally, Zornes has not produced any evidence that she worked at Defendants' offices after they closed at their regular closing time.

Zornes testified she has no records of lunch breaks she took between July 8, 2016 and May 16, 2019, but in the last year of her employment (May 16, 2018 through May 16, 2019), she took an hour lunch break at least three to four days a week. Zornes Depo. at 101:15-23.

 Assuming that Zornes arrived at Defendants' offices each day by 8:00 a.m., took a one-hour lunch, and left by 4:00 p.m., Zornes would have worked 35 hours per week. Zornes is not certain that she worked 40 hours per week. Zornes testified there were weeks when she performed less than 40 hours of work for Defendants. Zornes Depo. at 53:22-25, but Zornes is unable to identify which weeks. Zornes Depo. at 54:10-14.

2. **The absence of designated work hours and Zornes' testimony do not support Zornes' claim that she worked more than 40 hours per week, and Defendants are entitled to summary judgment.**

Zornes alleges in her Complaint that she was required to work an average number of hours each week that exceeded 40 hours, and Defendants failed to pay her an overtime rate of one and one-half times her regular rate of pay for all hours she worked over 40 in each one-week period. Complaint ¶28, 29, 41.  Yet, Zornes admitted in her deposition that Jimmy Thompson did not set certain work hours that Zornes was required to perform work or provide services for Defendants. Zornes Depo. 114:1-7.  To the contrary, the Defendants allowed Zornes to have flexible work hours. Zornes Depo. at 42:24-25. In fact, the Defendants allowed Zornes to have flexible work hours to the extent that Jimmy Thompson did not track the hours Zornes performed work or provided services for Thompson Transportation or Expedite. Affidavit of Jimmy Thompson, ¶¶ 9, 14, and 16. Zornes never complained to Jimmy Thompson that she was working for Defendants more than 40 hours each week. Zornes Depo. at 165:5-13. Additionally, Zornes testified that Defendants did not tell Zornes she was not working enough hours. Zornes Depo. 116:13-21.

Zornes' work hours were not tied to any designated goals. Zornes testified in her deposition that Defendants did not require her to meet dollar quotas, targets, or objectives for her work or services performed on their behalf. Zornes Depo. 114:8-20. In other words, Zornes possesses no proof that she worked more than 40 hours per week to meet objective goals.

3. **Zornes possesses no evidence of hours worked, and Defendants are entitled to summary judgment.**

Zornes did not attempt to document the amount of time she performed work. Zornes Depo. at 70:11-14. Crucially, Zornes has no records of her time to show she was

performing work or providing services for Defendants for more than 40 hours in any work week. Zornes Depo. at 69:2-16; 144: 13-9. Again, Zornes admitted in her deposition that there were weeks when she performed less than 40 hours of work for Defendants. Zornes Depo. at 53:22-25, but Zornes is unable, or unwilling, to identify which weeks. Zornes Depo. at 54:10-14. Besides not possessing records of her time showing that she worked more than 40 hours per week, was performing work or providing services for Defendants, Zornes is unable to produce any records, documents, notes, or other writing concerning or referring to her hours of work performed or hours of services provided for Defendants. See **Exhibit 5**, Zornes' Answers to Interrogatories and Responses to Requests for Production of Documents, Response to Request for Production No. 7.

> **4. Zornes' bare assertions that she worked more than 40 hours per week for the Defendants are merely speculation and conjecture, and Defendants are entitled to summary judgment.**
>
> > **a. Zornes possesses no phone records to support her assertions that she worked more than 40 hours in a work week.**

Zornes claims she was always answering phone calls related to work "before or after work," and she received work related calls as early as 6:00 a.m. and as late as midnight. However, despite Zornes' testimony that her cell phone records would evidence the calls and show she worked more than 40 hours in a week, Zornes failed to produce any home or cell phone records or documents from July 8, 2016 to the present. Zornes Depo. at 69:17-24; 144:13-22; **Exhibit 5**, Zornes' Answers to Interrogatories and Responses to Requests for Production of Documents, Answer to Interrogatory No. 11.

Zornes claims that the time she spent on a text message was indicative of the time she was performing work or providing services for Defendants. Zornes Depo. at 65:19—66:4; 69:2-16. But, as of March 10, 2020, the date of her deposition, Zornes had failed to

produce any text messages indicative of the time she was performing work or providing services for Defendants. Zornes Depo at 66:19—67:16. After her deposition, Zornes produced nine (9) images of partial text messages purporting to be between her and Jimmy Thompson and alleged to show time she was performing work for Defendants. The incomplete text messages Zornes produced do not show the amount of time on a daily basis that Zornes spent performing her duties and responsibilities or the hours of work Zornes performed for Defendants between July 8, 2016 and May 16, 2019. Zornes' allegations, couched in bare assertions, are insufficient, and Defendants are entitled to summary judgment.

**b. Zornes possesses no records to support her bare assertions of hours she spent working in the Defendants' offices.**

Zornes claims she arrived at Defendants' office between 7:30 a.m. and 8:00 a.m., and sometimes later. However, from July 8, 2016, through the end of her employment on May 16, 2019, Zornes is unable to produce any records evidencing the weeks when she reported to the Defendants' office by 8:00 a.m. Zornes Depo. 146:22—147:8. Zornes is unable to identify any witness that can corroborate her claim that she reported to the Defendants' office by 8:00 a.m. to perform work or provide services for the Defendants since July 8, 2016. Zornes Depo. at 147:19—148:14.

**c. Zornes failed to account for when she and her family members were sick in her estimate of alleged overtime hours working for Defendants.**

In 2016, Zornes' husband became ill, and his illness lasted into 2017. Zornes Depo. at 126:5-11. Zornes was unable to perform all of her duties and responsibilities from her cell phone when she was not working in Defendants' office. Zornes' Depo. at 126:12—128:15. In 2017, Jimmy Thompson provided a laptop to Zornes to enable her to

perform work or provide services from home at a time because of Zornes' husband's illness. Zornes Depo. 122:12-21.

Zornes testified she was sick and had health problems that began in the summer of 2018, and because of her illness she is unable to identify how many hours she spent performing work or providing services for Defendants at Defendants' office during the last year of her employment (May 16, 2018 through May 16, 2019). Zornes Depo. 104:6-11. Additionally, Zornes' estimate of the number of hours she performed work for Defendants did not take into account the amount of time she wasn't performing work or providing services because of illness or other reasons. Zornes Depo. 160:17—161:4. Zornes admitted in her deposition she is unable to identify how many hours she was spending performing work or providing services for Defendants at Defendants' office during the last year of her employment (May 16, 2018 through May 16, 2019) because she was sick and had health problems that began in the summer of 2018. Zornes Depo. 104:6-11.

### d. Zornes' assertion that the Defendants' laptop would show that she worked more than 40 hours per week is speculation and conjecture.

After Zornes received the laptop, she ceased performing work or providing services in the Defendants' office every day. Zornes Depo. 124:5-8. Zornes testified that information on her laptop would show the time she spent performing work for Defendants. Zornes Depo. at 105:20—106:20. However, Zornes is unable to identify or produce any evidence from her laptop to show when she was performing work for Defendants. Zornes Depo. 107:24—108:5. Further, Zornes specifically testified that other than phone records (which Zornes failed to produce) or text messages (which Zornes produced only nine partial text messages which fail to show time she was performing work), she is unable to

produce any records of the time she began work or ended work when she was out of the office. Zornes Depo. at 150:17-22.

### e. Zornes failed to account for slow times of the year in her estimate of alleged overtime hours working for Defendants.

Zornes testified she spent different amounts of time performing her duties and responsibilities due to slow times of the year, such as holidays. Zornes Depo. at 52:17-19; 53:11-54:14; 54:6-23. Yet, Zornes is unable to identify the amount of time on a daily basis that she spent performing her duties and responsibilities for Defendants. Zornes Depo at 69:2-16. Further, Zornes was unable to identify what percentage of time she performed work or provided services for Thompson Transportation and what percentage of time she performed work for Expedite. Zornes Depo. at 84:1-13.

### f. Zornes has no basis for her assertion that she worked more than 40 hours per week.

Zornes testified she worked approximately 55 hours per week for Defendants. Zornes Depo at 162:22—163:8, which, based on her memory, was an average of 10 hours each work day and seven or eight hours one weekend per month. Zornes Depo. at 163:24—164:6. However, based on Zornes' complete lack of documentary or corroborating evidence of time she spent performing work for Defendants, weeks she worked more than 40 hours in a week, and facts supporting her contention that Defendants failed to pay her proper overtime compensation, Zornes is unable to provide a meaningful explanation (other than relying on her memory) of how she arrived at her estimate of 55 hours a week, every week, of her employment. Zornes Depo. at 163:24—164:3; 170:20- 23. Zornes failed to specify the damages, provide detailed calculations, or identify documents that relate to the claim of damages she seeks related to unpaid overtime compensation under the AMWA and the FLSA and liquidated damages pursuant

to the AMWA and the FLSA. Zornes' Answers to Interrogatories and Responses to Requests for Production of Documents, Answer to Interrogatory No. 12.

Zornes has simply failed to present any objective evidence demonstrating the amount of overtime she worked. Further, Zornes has provided no basis for her subjective recollection of the number of hours she worked and particularly the number of hours that she worked each week.  Zornes' assertions fail to meet even the Eighth Circuit's "relaxed evidentiary standard".

It is true that because Defendants did not keep records of the hours that Zornes worked or provided services, Zornes need not put forth "the precise extent of uncompensated work." *Carmody*, 713 F.3d at 406. However, the burden remains on Zornes to prove that she performed uncompensated work and even under the relaxed evidentiary standard she failed to put forth any evidence of the amount and extent of her work in excess of 40 hours a week for any week during which she performed work or provided services for Defendants. *Thompson v. Dimichele Enters.*, 2020 U.S. Dist. LEXIS 47656, citing *Anderson v. Mt. Clemens Pottery Co.* 328 U.S. 680, 688 (1986).

In *Holaway*, a case factually similar this lawsuit, the Eighth Circuit affirmed summary judgment for the employer where the employee put forth merely contradictory and bare assertions of his overtime hours worked. Like Zornes over approximately the last two years of her work for the Defendants, Holaway worked independently out of his home. His employer, Stratasys, categorized Holaway as exempt from the provisions of the FLSA, therefore, Stratasys did not keep precise records regarding the hours the employee worked. The Eighth Circuit determined it didn't need to determine whether Holaway was improperly classified as exempt because even if Holaway's employment was subject to the overtime requirements of the FLSA, he failed to put forth sufficient

evidence to demonstrate he ever worked for more than 40 hours. *Id.* at 1059. The Eighth Circuit held that Holaway's contradictory and bare assertions of his overtime hours worked, his vague testimony that failed to reference specific days and hours worked, and his estimate that he worked between 40-five and seventy hours a week based on "mainly just recollections of [his] daily activities," failed to meet even the relaxed evidentiary standard. *Id.* at 1059.

Like in *Holaway*, Zornes' allegations are unsupported by anything other than her own self-serving statements, and therefore she cannot meet even the relaxed evidentiary standard.  Other courts, including this Court, have followed the reasoning in *Holaway*.

In *Thompson v. Dimichele Enters.*, 2020 U.S. Dist. LEXIS 47656, a case decided by this Court, the plaintiff, Thompson, asserted claims against defendant for violations of the FLSA, AMWA, and the "Last Paycheck" law. At a motion hearing, Thompson conceded that defendants were entitled to summary judgment on the Last Paycheck claim and the FLSA and AMWA overtime claims, so this Court needed only to rule only on Thompson's FLSA and AMWA minimum wage claims.

Accordingly, this Court analyzed the plaintiff Thompson's minimum wage claims that he was not paid for alleged work and whether Thompson put forth enough evidence to create a genuine dispute of material fact. In its analysis, this Court cited *Holaway* (footnote 64, U.S. Dist. LEXIS 47656 *10) and concluded that because the only type of evidence Thompson put forth to support his minimum claim "was his own vague, conclusory, equivocal, and often convoluted testimony based on memory," without any documentary proof or corroborating evidence, including Thompson's failure to identify which weeks he believed he worked more than 40 hours, Thompson failed to provide enough evidence to create a genuine dispute of material fact and summary judgment was

appropriate. *Id.* at 9-10.

Like the plaintiff in Thompson, Zornes has put forth only her own vague, conclusory estimate of hours she worked in a week, admitted her hours worked in a week varied depending on the amount of work available, her sickness, sickness in her family, and failed to identify a specific week she worked overtime, instead, contradicting her testimony that she sometimes worked less than 40 hours per week, alleging she worked overtime every week.

Zornes lacks any evidence whatsoever to show the amount and extent of work she performed. Zornes does not have any records, documents, notes, or other writings to support her claims. Other than Zornes' bare assertions, there's no record evidence of unpaid time worked. Zornes' vague and conclusory statements regarding unpaid work are unsupported by documentary proof, supporting documents, or any other corroborating evidence. Even taking all inferences in her favor, those assertions alone wouldn't adequately support a jury's finding that Zornes worked unpaid time in any given week. Accordingly, Zornes' assertions do not create a genuine issue of material fact as to hours worked and summary judgment should be granted on Zornes' FLSA and AMWA claims.

## IV.    CONCLUSION

Summary Judgment should be granted on Zornes' FLSA and AMWA claims because Zornes is unable to meet her burden under the FLSA to put forth any evidence or details of the amount and extent of her work which would allow a jury to determine Zornes worked beyond 40 hours in any specific week  she worked for Defendants.

Therefore, Defendants Thompson Transportation, Inc., Jimmy Thompson, and Expedite Logistic Services, LLC, respectfully request this Court to grant their Motion for Summary Judgment against Plaintiff Leah Zornes, as to all claims of her First Amended

and Substituted Complaint, and that Plaintiff Leah Zornes' First Amended and Substituted Complaint be dismissed, with prejudice, and to grant Defendants all other relief the Court deems just and appropriate.

Respectfully submitted,

Allen C. Dobson
Arkansas Bar No. 85040
**JEWELL & DOBSON, P.A.**
One Information Way, Suite 210
Little Rock, Arkansas 72202
Phone:  501-664-9555
E-mail:  adobson@jewelldobson.com

and

Shelley Fleisch-Djurica
Arkansas Bar No. 2002127
**JEWELL & DOBSON, P.A.**
One Information Way, Suite 210
Little Rock, Arkansas 72202
Phone:  501-664-9555
E-mail:  sdjurica@bjd-law.com