IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LEAH ZORNES**                                                                                       **PLAINTIFF**

vs.                                        No. 4:19-cv-474-LPR

**THOMPSON TRANSPORTATION, INC.,
JIMMY THOMPSON, and EXPEDITE
LOGISTIC SERVICES, LLC**                                                                       **DEFENDANTS**

## RESPONSE TO MOTION FOR SUMMARY JUDGMENT

### I.     INTRODUCTION

Defendants' Motion for Summary Judgment (ECF No. 19) must be denied because Plaintiff has produced evidence creating a genuine issue of material fact for trial for each issue. The Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act (AMWA) were designed to protect workers such as Plaintiff, requiring employers to pay an overtime premium to employees who work more than forty hours per week and placing the burden on the *employer* to maintain records. Defendants' Motion is an effort to shove their own burden of proof onto Plaintiff and to escape the consequences of their failure to comply with the record-keeping requirements of the FLSA. Even so, and contrary to Defendants' assertion, Plaintiff has produced evidence that she worked in excess of forty hours per week and has produced a factual basis from which a reasonable jury would agree. Defendants' demand for extensive details and documentation ignores Defendants' own failure to comply with the record-keeping requirements of the FLSA and AMWA and is contrary to the standard of proof required under *Mt. Clemens*.

Page 1 of 17
Leah Zornes v. Thompson Transportation, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-474-LPR
Response to Motion for Summary Judgment

As Plaintiff explained in her Motion for Continuance and for Reopening of Discovery Period (ECF No. 22): more discovery is needed as to Defendants Jimmy Thompson (hereinafter "Mr. Thompson") and Expedite Logistic Services, LLC (hereinafter "Expedite"). They are requesting summary judgment on claims against them, but Plaintiff has not even had the opportunity to conduct discovery as to their claims. Nor can Defendant Thompson Transportation, Inc. (hereinafter "Thompson Transportation"), claim that they should be granted summary judgment separately, because there are significant facts to support joint and/or integrated employer allegations.

## II.     LEGAL STANDARD

Rule 56 provides that summary judgment is proper when there are no genuine issues of material fact remaining in a case and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the initial burden of informing the Court of the basis for its motion and identifying the pleadings, admissions, discovery documents, and affidavits it contends show the absence of a genuine issue of material fact. *Id.* at 323. If the moving party has met its initial burden, then the nonmoving party must go beyond its own pleadings to designate specific controverted facts raising genuine triable issues. *Id.* at 325.

In order to show a genuine issue of fact, "the nonmoving party may not rely on mere denials or allegations in its pleadings, but must designate specific facts showing that there is a genuine issue for trial." *Barge v. Anheuser-Busch, Inc.,* 87 F.3d 256, 258 (8th Cir. 1996). A dispute is "genuine" if a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *RSBI Aerospace, Inc. v.*

Page 2 of 17
Leah Zornes v. Thompson Transportation, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-474-LPR
Response to Motion for Summary Judgment

*Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).  In deciding a motion for summary judgment, the facts and all reasonable inferences from those facts are viewed in the light most favorable to the nonmoving party.  *Lower Brule Sioux Tribe v. State of South Dakota*, 104 F.3d 1017, 1021 (8th Cir. 1997).

### III.	FACTUAL BACKGROUND

Plaintiff worked for Mr. Thompson since 2004. Deposition of Leah Zornes, March 10, 2020, 131: 19 (hereinafter "Dep. Zornes.") Plaintiff was one of Mr. Thompson's first employees and by 2016, Mr. Thompson had been operating two sides of the trucking business, as he had a fleet of trucks, under Thompson Transportation, and a freight brokering business, under Expedite. Dep. Zornes 131: 1-5. As an employee, Plaintiff worked both sides. Dep. Zornes 131: 14-18. Plaintiff received a commission from Expedite Logistic Services based on her production, less the $1,050.00 that she was paid as a draw, or salary. Dep. Zornes 192: 13-25. Expedite paid her the draw/salary of $1,050.00 weekly. Dep. Zornes 192: 13-25. Because Expedite is a new Defendant and Plaintiff has not had the opportunity to conduct discovery, Plaintiff can give no further details as to why her pay was structured as a commission and draw/salary, since she was performing duties of an hourly employee. See Plaintiff's Motion for Continuance and to Reopen Discovery Period. ECF No. 22.

Plaintiff's job duties included soliciting shipment jobs for Defendants' truckers, communicating with Defendants' customers, Defendants' truckers, and other people related to the trucking routes, and arranging the shipment of goods across the United States. See Exhibit 1, Plaintiff's Answers to Interrogatories and Requests for Production of Documents, Answer No. 9. Dep. Zornes 51: 9-13; 120: 22-25; 121: 1-5. Plaintiff did not

Page 3 of 17
Leah Zornes v. Thompson Transportation, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-474-LPR
Response to Motion for Summary Judgment

need to hit any quotas. Dep. Zornes 114: 8-11. Nor did Defendants need to set any for Plaintiff, Thompson had worked with Plaintiff for more than a decade and had the requisite knowledge and experience to recognize that Plaintiff exceled without the need of significant pushing, though Mr. Thompson exercised considerable oversight. Dep. Zornes 94: 14-25; 95: 1-4; 120: 17-19; 121: 17-25; 122:1.

Plaintiff does not know whether she was the highest earning broker, but she was the most productive broker. Dep. Zornes 136: 20-25; 137: 1. Her services undoubtedly earned Defendants a large percentage of their total revenue. In order to be a successful broker, Plaintiff had to be "on call" for drivers, customers, carriers, and those receiving deliveries, at nearly any time of day. 163: 17-23. It would not be unusual for Plaintiff to begin her day at 6:00 a.m. several times a week with a telephone call. Dep. Zornes 69: 25; 70: 1-3. Nor was it unusual if Plaintiff were to continuously work and take calls through the evening. Dep. Zornes 70: 1-10; 163: 10-13. Plaintiff worked every weekend because the business was still operating on the weekend. Dep. Zornes 143: 1-11. Plaintiff was working between 45 and 70 hours each week. Exhibit 1, Page 9.

Beginning in 2014, Plaintiff husband had several serious medical issues, including cancer, in 2016 or 2017, when undergoing cancer treatments, Plaintiff was intending to care for her husband and work remotely. Dep. Zornes 124: 20-25; 125:1-5.  Mr. Thompson provided Plaintiff with a laptop so should could access her work computer, and thus all the installed programs and email, remotely. Dep. Zornes 14: 6-23; 29: 13-17; 122: 14-21. Because Plaintiff could access her desktop computer located at the office, Plaintiff did not lose any productivity. Dep. Zornes 14: 6-23; 29: 13-17; 122: 14-21. In fact, Plaintiff was often more productive when she was working from home. Dep. Zornes 14: 6-23; 29:

Page 4 of 17
Leah Zornes v. Thompson Transportation, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-474-LPR
Response to Motion for Summary Judgment

13-17; 122: 14-21. Plaintiff checked in with Mr. Thompson daily. She continued to work 45 to 70 hours each week. Exhibit 1, Page 9.

Plaintiff had her own health issues beginning in 2018, which made it difficult for her to make it into the office for regular hours. Dep. Zornes 102: 1-20. Plaintiff's health issued continued through 2019, but despite her health issues, Mr. Thompson told Plaintiff that she would need to come into the office. Dep. Zornes 158: 3-9, 17-19.  She had difficulty doing so on the schedule that Mr. Thompson required, but she continued to work from home when she could not be in the office. Dep. Zornes 102: 7-13. Plaintiff checked in with Mr. Thompson weekly regarding the work she performed. Dep. Zornes 95: 18-25. Even with her health issues, Plaintiff had no issues maintaining her efficiency. Dep. Zornes 165: 1-4. She continued to work 45 to 70 hours each week. Exhibit 1, page 9.

Plaintiff rarely worked fewer than 40 hours in a workweek. Dep. Zornes 40: 13-15. Those rare weeks were always around the holidays for the weeks of Christmas and New Year's, depending on what days those fell on, it could be up to two weeks. Dep. Zornes 54: 6-9. During those weeks, Plaintiff was sometimes not able to earn commission to cover her draw. Dep. Zornes 53: 1-6, 22-25; 54: 1-5. In those times, Plaintiff requested that she be paid her earned vacation time, and Mr. Thompson usually agreed and paid vacation time to her, through Thompson Transportation, though she was working. 161: 4-8.

### IV.	ARGUMENT

Defendants allege that there is insufficient evidence to prove the extent of Plaintiff's overtime hours worked. In making this argument, Defendants utterly ignore their own obligation to maintain accurate records of Plaintiff's hours worked, while at the same time

Page 5 of 17
Leah Zornes v. Thompson Transportation, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-474-LPR
Response to Motion for Summary Judgment

demanding a level of proof from Plaintiff not required under the law. Plaintiff has produced evidence from which a reasonable jury could determine the extent of the overtime hours she worked. It is Defendants that cannot rebut that proof as required by the FLSA in light of Defendants' failure to maintain accurate records. Accordingly, Defendants' request for summary judgment must be denied.

### A. The FLSA places the obligation to keep accurate records of hours worked on the employer.

The FLSA and AMWA require employers to pay their employees minimum wages for all hours worked through forty per week, and overtime wages at a rate of one and one-half times the employees' "regular rate" for all hours worked over forty per week, unless a valid exemption applies to the employees. *See* 29 U.S.C. § 206; 29 U.S.C. § 207; *See also* 29 U.S.C. § 213; Ark. Code Ann. § 11-4-210; Ark. Code Ann. § 11-4-211. In order to comply with the obligation to compensate employees for hours worked, employers must keep certain records for employees, including records of the number of hours worked each day and a total of the number of hours worked each week for each employee. 29 U.S.C. § 211(c); 29 C.F.R. § 516; Ark. Code Ann. §11-4-217; ARLSD § 010.14-102(A)(1)(g). Employers can use "any timekeeping method they choose" as long as the method is "complete and accurate." *Recordkeeping Requirements Under the Fair Labor Standards Act*, Wage and Hour Division Fact Sheet No. 021; *See also* 29 C.F.R. § 516.1; *See also* ARLSD § 010.14-102(A)(4).

The obligation to maintain accurate time records is always on the employer, never on the employee, because "the employer cannot transfer his statutory duty to his employees." *Goldberg v. Cockrell*, 303 F.2d 811, fn1 (5th Cir. 1962) (citing *Mitchell v. Reynolds*, 125 F. Supp. 337, 340 (W.D. Ark. 1954) ("[W]hile there is nothing to prevent an employer

Page 6 of 17
Leah Zornes v. Thompson Transportation, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-474-LPR
Response to Motion for Summary Judgment

from delegating to his employees the duty of keeping a record of their hours, the employer does so at his own peril. He cannot escape the record-keeping provisions of the Act by delegating that duty to his employees.")); *Kuebel v. Black & Decker, Inc.,* 643 F.3d 352, 363 (2d Cir. 2011) ("[O]nce an employer knows or has reason to know that an employee is working overtime, it cannot deny compensation simply because the employee failed to properly record or claim his overtime hours.").

The Supreme Court established a framework for assessing employers' liability in lawsuits for unpaid wages in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see also Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference," the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687–88. "When an employer has failed to keep proper records, courts should not hesitate to award damages based on the 'just and

Page 7 of 17
Leah Zornes v. Thompson Transportation, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-474-LPR
Response to Motion for Summary Judgment

reasonable inference' from the evidence presented." *Reich v. Stewart*, 121 F.3d 400, 406 (8th Cir. 1997).

> 1. *The obligation to keep accurate records remains on Defendants and has not shifted to Plaintiff.*

In their Motion, Defendants recognize their obligation to maintain records of hours worked by Plaintiff and the framework for proving the extent of those hours worked established by *Mt. Clemens*. Yet, Defendants argue that no reasonable jury could find that Plaintiff adequately demonstrated the *extent* of her hours worked. In doing so, Defendants necessarily rely on their own impermissibly conclusory allegations regarding the hours worked by Plaintiff while insisting that Plaintiff must produce more than her own recollection to support her claims.

Defendants' entire argument is structured around its demand for inapplicable evidentiary standards. There is no dispute that Defendants failed to maintain accurate time records for Plaintiff. *See* Exhibit 2, Defendant's Response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, Answer No. 7. Courts specifically authorize plaintiffs to rely on their own recollections when testifying about their hours worked in the absence of accurate time records maintained by the employer. *Mt. Clemens*, 328 U.S. at 687. Further, a plaintiff's testimony need not be precise. *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059 (8th Cir. 2014) ("If an employer has failed to keep records, employees are not denied recovery under the FLSA simply because they cannot prove the precise extent of their uncompensated work.") (citing *Dole v. Tony & Susan Alamo Found.*, 915 F.2d 349, 351 (8th Cir. 1990)). Yet, Defendants demand specificity and documentation not required by any cases, even those relied upon by Defendants.

Page 8 of 17
Leah Zornes v. Thompson Transportation, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-474-LPR
Response to Motion for Summary Judgment

Defendants rely on *Holaway v. Stratasys, Inc.*, 771 F.3d 1057 (8th Cir. 2014) for the proposition that Plaintiff must reference specific days and hours worked in order to meaningfully explain the extent of overtime hours worked. However, in *Holaway*, the plaintiff "failed to put forward *any* evidence of the amount and extent of his work in excess of forty hours a week for any week worked for [the defendant]," and "instead, put forth contradictory and bare assertions of his overtime hours worked." 771 F.3d at 1059 (emphasis added). After distinguishing *Holaway* for this very reason, the court in *Alston v. DirecTV, Inc.*, confirmed that a plaintiff need not produce evidence that is "so specific as to rise above the level needed for reasonable estimation" or that is "accompanied by other substantiating evidence." 254 F. Supp. 3d 765, 789 n.12 (D.S.C. 2017). However, this is exactly the type of evidence demanded by Defendants.

The Eastern District of Arkansas similarly distinguished *Holaway* where the plaintiffs offered at least some basis for crediting their overtime estimates, including allegations that each plaintiff "worked off-the-clock or had breaks skimmed on a weekly basis," and that one "had to go to other restaurants and get supplies at least once a week," and "worked off-the-clock preparing for inspections," while another "had to stay after her shift, or come in early, without pay two to three times a week," and "had to pick up supplies from other restaurants off the clock." *Love v. Retzer Res., Inc.*, No. 5:13-cv-292-DPM, 2015 U.S. Dist. LEXIS 173326, at *2–3 (E.D. Ark. Dec. 28, 2015). None of these allegations rise to the level of documented detail demanded by Defendants, yet the court found the plaintiffs' claims "sufficiently supported to go to trial." *Id.* at *3.

Defendants' reliance on *Thompson v. Dimichele Enterprises* is likewise misplaced. *See*, No. 4:18-cv-903-LPR, 2020 U.S. Dist. LEXIS 47656 (E.D. Ark. Jan. 3, 2020). Unlike

Page 9 of 17
Leah Zornes v. Thompson Transportation, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-474-LPR
Response to Motion for Summary Judgment

here, in *Thompson* the defendant kept highly technical and precise time records for all of its employees. 2020 U.S. Dist. LEXIS 47656, at *3–5. The issue in *Thompson* was not that the plaintiff's recollection of his hours worked was too vague or conclusory to create a genuine issue of disputed fact, but rather that his recollection was disproved by actual time records. *Id.* at *25. Defendants' reliance on *Thompson* is further proof that Defendants have a faulty understanding of the burdens of proof established by *Mt. Clemens*: it is because of Defendants' own negligence in keeping accurate records of Plaintiff's hours worked that she is allowed to rely on her recollections. Defendants' persistent attempts to shift their own record-keeping burden onto Plaintiff should not be rewarded and their Motion must be denied.

In sum, the cases cited by Defendants only confirm the obvious—where a plaintiff must resort to pure speculation regarding the number of hours he or she worked per week, so must a reasonable jury. *See e.g.*, *Meadows v. NCR Corp.*, No. 16 CV 6221, 2017 U.S. Dist. LEXIS 185801, at *27-28 (N.D. Ill. Nov. 9, 2017) ("While [plaintiff] may not speculate about the amount of his damages, he may rely on his recollection.") Defendants' cases do not contradict the extensive case law supporting a relaxed evidentiary burden in the face of an employer's failure to comply with record-keeping obligations, which includes an employee's right to testify to the extent of their hours worked "as a matter of just and reasonable inference." *Stanbrough v. Vitek Sols., Inc.*, 445 S.W.3d 90, 100 (Mo. Ct. App. 2014). "An employee may meet this burden by relying on recollection alone." *Id.*; *Russano v. Premier Aerial & Fleet Inspections, LLC*, No. 14-cv-14937, 2016 U.S. Dist. LEXIS 102313, at *13 (E.D. Mich. Aug. 4, 2016).

Page 10 of 17
Leah Zornes v. Thompson Transportation, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-474-LPR
Response to Motion for Summary Judgment

> 2. *If an employer does not produce accurate records of hours worked, the employee may use his or her best recollection to meet a lighter burden.*

Once the employee produces evidence of the extent of his uncompensated overtime hours worked as a matter of just and reasonable evidence, "the burden then shifts to the employer to produce evidence of the *precise* amount of work performed or to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 100–101 (emphasis added). "If the employer fails to meet that burden, a court may award damages even though they are approximate." *Id.* at 101; *Russano*, 2016 U.S. Dist. LEXIS 102313, at *13.

Not only can employees rely on their own recollection in establishing the extent of damages, but their testimony may consist of estimates of the average number of hours worked each week. *See Miller v. Centerfold Entm't Club, Inc.*, No. 6:14-CV-6074, 2017 U.S. Dist. LEXIS 125945, at *26–27 (W.D. Ark. Aug. 9, 2017) ("Plaintiffs have adequately estimated the relevant time periods in which they were employed by the Club and have given an average number of hours they worked in a week during that period."); *Gustafson v. Full Serv. Maint. Corp.*, No. 4:11CV00443AGF, 2012 U.S. Dist. LEXIS 81676, at *4, 14–15 (E.D. Mo. May 21, 2012) (finding plaintiff's testimony that an average of approximately 11.25 hours of overtime each week, or 2.25 hours per day for approximately thirty-seven weeks throughout her eighteen-month employment with the defendant sufficient to establish a prima facie case); *Baden-Winterwood v. Life Time Fitness Inc.*, 729 F. Supp. 2d 965, 992 (S.D. Ohio 2010) (noting that a plaintiff "can estimate her damages, shifting the burden to the employer").

An employer's evidence that employees may have worked less than that alleged by the employees may create an issue of fact for trial by which Plaintiff's evidence may

Page 11 of 17
Leah Zornes v. Thompson Transportation, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-474-LPR
Response to Motion for Summary Judgment

be reduced or wholly negated, but where an issue of fact remains for trial, summary judgment is inappropriate. *See id.*; *See also Gustafson*, 2012 U.S. Dist. LEXIS 81676, at *15 ("Although Defendant offers evidence to refute Plaintiff's showing, such evidence does not, as a matter of law, resolve the disputed issue in Defendant's favor."); *Stanbrough*, 445 S.W.3d at 101 ("Any dispute as to the precise amount of damages is a fact issue for trial."). Indeed, courts permit even the estimation of start and end dates of employment and amounts paid to the employees. *See Solis v. Tally Young Cosmetics, LLC*, No. 09-CV-4804 (SJ)(JO), 2011 U.S. Dist. LEXIS 35333, at *39, 43 (E.D.N.Y. Mar. 4, 2011)

Courts take the employer's failure to maintain proper records and the resulting relaxed evidentiary burden on employees very seriously. "It is . . . a fundamental precept of the FLSA that an employee should not be denied [recovery] because proof of the number of hours worked is inexact or not perfectly accurate. *Id.* (editing marks in original). "The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of [the FLSA]." *Perez v. Contingent Care, LLC*, 820 F.3d 288, 293–294 (8th Cir. 2016). Courts "should not hesitate to award damages based on the 'just and reasonable inference' from the evidence presented." *Id.* at 294 (quoting *Martin v. Tony & Susan Alamo Found.*, 952 F.2d 1050, 1052 (8th Cir. 1992)).

**B. Plaintiff has presented evidence of her hours worked that creates a genuine issue of material fact for trial.**

Having corrected Defendants' incomplete and inaccurate representations of the standards applicable in this case, Plaintiff turns to her own reasonable and well-supported estimates of her hours worked for Defendants.

Page 12 of 17
Leah Zornes v. Thompson Transportation, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-474-LPR
Response to Motion for Summary Judgment

> 1. *Plaintiff's deposition testimony was clear and provided adequate evidence to create a genuine issue of material fact.*

Defendants mischaracterize Plaintiff's deposition testimony and place undue emphasis on the "office hours" worked by Plaintiff. Plaintiff does not dispute that the office hour was generally open between 7 a.m. and 4 p.m. and that she did not have access to the office outside of those hours. In Plaintiff's deposition, Plaintiff clearly explained that her working day began well-before the office opened. Zornes Dep. 70: 1-3; 150: 7-11. Plaintiff continued to take calls from that first early morning call until the completion of her workday around 8 or 9 p.m. Zornes Dep. at 142: 8-14. Moreover, Plaintiff had access to her work computer through her laptop that Mr. Thompson gave her in order for Plaintiff to work away from the office. Zornes Dep. at 29:18-21. Funnily, Defendants argue that Plaintiff has nothing to prove that she worked outside office hours but produced a remote log in records that demonstrated Plaintiff was indeed working outside those regular hours and on weekends. See Exhibit 3, Plaintiff's Remote Log in Time stamps.

Defendants again mischaracterize Plaintiff's deposition testimony with their repeated claims that Plaintiff's estimate of 55 hours worked weekly do not account for the periods during which she was working fewer hours due to holidays or illness. To the contrary, Plaintiff's estimates fully account for periods she was not working. Dep. Zornes 142: 8-21. Plaintiff specifically said that she worked "closer to . . . 60 or 70 hours" but "[f]ifty-five hours is including any deductions of time for whatever reason." Dep. Zornes 142: 17-21. Moreover, Defendants fail to point out any instances in which Plaintiff's estimates actually include slow periods or even to estimate the amount of times this happened. *See Miller*, 2017 U.S. Dist. LEXIS 125945, at *31 (reducing plaintiff's estimates of damages estimates to account for the number of weeks of vacation defendant testified plaintiff

Page 13 of 17
Leah Zornes v. Thompson Transportation, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-474-LPR
Response to Motion for Summary Judgment

took). As Plaintiff has testified to her hours worked as a matter of just and reasonable inference, it is up to Defendants to come forward with evidence of the precise amount of work Plaintiff performed or with evidence to negative the reasonableness of the inference to be drawn from Plaintiff's evidence.

Plaintiff has provided a full explanation for her estimation that she worked 55 hours per week. In her Answer to Interrogatory No. 7, Plaintiff stated that she worked between 45 hours and 70 hours each week, and estimates the average was 55 per week. *See* Exhibit 1, Page 8, and First Amended and Substituted Complaint ECF No. 15. In fact, Plaintiff explained that she was working while she was sick, through her dentist appointments and doctor appointments, and while caring for her husband when he was ill, and still averaged 60-70 hours of work during most weeks. Dep. Zornes 139: 14 to 142: 21. Though her weeks were more often 60-70 hours of work each week, Plaintiff acknowledged that she would have deductions between the first call she received in the morning and the last call she took at night, added in her average weekend hours, and estimated 55 hours a week for the entire statutory period. Dep. Zornes 142:15-21.

Defendants' dispute of these facts is completely conclusory and self-serving. Defendants make allegations regarding Plaintiff's office hours without regard to the work performed outside the office, despite claiming to have knowledge of this information. See Exhibit 3. This absence of information is particularly glaring given that maintaining records of Plaintiff's hours worked is Defendants' responsibility, not Plaintiff's. Moreover, there is no suggestion that recording this information would have imposed any hardship or logistical difficulties on Defendants. Defendants now seek to use this abject failure to its own advantage, which is exactly what the *Mt. Clemens* seeks to prevent. *Stanbrough*, 445

Page 14 of 17
Leah Zornes v. Thompson Transportation, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-474-LPR
Response to Motion for Summary Judgment

S.W.3d at 100 ("[I]f the employer's records are inaccurate and prevent the employee from proving the precise extent of uncompensated work, the solution is not to penalize the employee, as such a result would run contrary to the 'remedial nature' of the FLSA."). Defendants' conclusory allegations cannot override Plaintiff's detailed description of the work she performed and the amount of time this work occupied. *Acosta v. Cent. Laundry, Inc.*, No. 18-190, 2019 U.S. Dist. LEXIS 125587, at *31 (E.D. Pa. July 29, 2019) ("The reasonableness of a proposed damages calculation 'depends in part on the availability of other, more reasonable alternatives to that proposal.'").

Based on the case law stated above, Plaintiff's estimate, which is supported by adequate details regarding the worked she performed, is sufficient to support Plaintiff's claim for unpaid overtime hours worked. *See Miller*, 2017 U.S. Dist. LEXIS 125945, at *26–27. She has articulated the basis of her claims clearly and fully. That Defendants disagree is to be expected, but disagreement over evidence is the very basis for a denial of summary judgment. Plaintiff has produced evidence from which a jury could reasonably determine that she worked more than 40 hours per week, and Defendants' Motion for Summary Judgment should be denied.

> 2. *Plaintiff made Defendants aware of physical evidence to corroborate her testimony, but Defendants have refused to avail themselves of it.*

Defendants repeatedly make the false claim that Plaintiff has no documentation to corroborate her reasonable recollection. Despite the onus of maintaining accurate records of Plaintiff's hours worked being on Defendants, Plaintiff has produced several documents that corroborate her deposition testimony and have made other documentation available to Defendants.

Page 15 of 17
Leah Zornes v. Thompson Transportation, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-474-LPR
Response to Motion for Summary Judgment

As Plaintiff's overtime hours consisted of mostly telephone conversations outside of office hours, Defendants requested Plaintiff's cell phone records. Dep. Zornes 141: 4-9; 166: 8-14. While Plaintiff was unable to obtain her records prior to her deposition, Plaintiff executed a release that allowed Defendants to obtain the records the requested. Defendants have the same access to documentation that Plaintiff has yet have refused to access the records while continuing to demand that Plaintiff do so. In fact, Defendant Thompson Transportation has committed to providing documents, but has not done so yet. Exhibit 2.

Likewise, Plaintiff's claims regarding her lunch breaks are well-supported, despite Defendants' arguments otherwise. Plaintiff and her fellow brokers would often coordinate their lunch breaks through email; Defendants are in possession of those emails, and despite Plaintiff's request, have not produced this documentation for Plaintiff's review. Exhibit 2.

In sum, Plaintiff has produced evidence from which a reasonable jury could reach a verdict regarding the extent of overtime hours worked by Plaintiff and make a finding in Plaintiff's favor on this issue. Accordingly, Defendants' request for summary judgment must be denied.

## V.     CONCLUSION

Plaintiff has presented evidence from which a reasonable jury could rule in her favor on each issue raised in Defendants' request for summary judgment. Therefore, Defendants' Motion for Summary Judgment must be denied in its entirety.

Page 16 of 17
Leah Zornes v. Thompson Transportation, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-474-LPR
Response to Motion for Summary Judgment

        Respectfully submitted,

        **PLAINTIFF LEAH ZORNES**

        SANFORD LAW FIRM, PLLC
        One Financial Center
        650 South Shackleford Road, Suite 411
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

        April Rhéaume
        Ark. Bar No. 2015208
        april@sanfordlawfirm.com

        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com

**Page 17 of 17**
**Leah Zornes v. Thompson Transportation, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:19-cv-474-LPR**
**Response to Motion for Summary Judgment**